Triel D. Culver
EDWARDS & CULVER
1648 Poly Drive, Suite 206
Billings, MT 59102
Phone: (406) 256-8155
Fax: (406) 256-8159
Email: triel@edwardslawfirm.org

*Counsel for A. Clifford Edwards Revocable Trust*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| A. CLIFFORD EDWARDS, as Trustee of the A. CLIFFORD EDWARDS REVOCABLE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWESTERN CORPORATION d/b/a NORTHWESTERN ENERGY,<br><br>Defendant. | Cause No. CV-25-71-GF-JTJ<br><br>**COMPLAINT** |

COMES NOW Plaintiff, A. CLIFFORD EDWARDS as Trustee of the A. CLIFFORD EDWARDS REVOCABLE TRUST ("Plaintiff"), by and through counsel, and for its Complaint against Defendant NORTHWESTERN CORPORATION ("Defendant"), states and alleges as follows:

## PARTIES

1. Plaintiff A. CLIFFORD EDWARDS as Trustee of the A. CLIFFORD EDWARDS REVOCABLE TRUST is a resident of Billings, Yellowstone County, Montana, that owns property in Fergus County, Montana.

2. Defendant NORTHWESTERN CORPORATION is a foreign for-profit corporation incorporated in Delaware. Defendant's principal place of business is located in Sioux Falls, South Dakota.

3. Defendant NORTHWESTERN CORPORATION is engaged in business in the State of Montana operating under the assumed business name of NORTHWESTERN ENERGY, with its registered agent in Missoula, Montana. (Collectively referred to as "Defendant" or "NorthWestern").

## JURISDICTION AND VENUE

4. The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds seventy-five thousand dollars ($75,000), excluding interest and costs. Plaintiff is a citizen of Montana. Defendant is a corporation that was formed under the laws of Delaware with its principal place of business in South Dakota and is authorized to do business in Montana.

5. Venue for this action is proper in this District and the Great Falls Division pursuant to 28 U.S.C. § 1391(b)(2) because the property, relevant acts,

decisions, and events giving rise to this claim occurred near Denton, Fergus County, Montana.

## FACTS COMMON TO ALL COUNTS

6. On or about November 30, 2021, electrical infrastructure ignited dry grass and decomposing vegetation west of Denton, Montana, starting a fire which later became known as the "West Wind Fire." Wind gusts up to 65 m.p.h. pushed the fire east causing it to spread over 18 miles, burning fields and dozens of homes and commercial businesses.

7. The West Wind Fire was investigated by the Fire Prevention and Investigation section of the Montana Department of Justice. As a result of their investigation, it was determined that the West Wind Fire was ignited by overhead power lines owned, maintained, and operated by NorthWestern.

8. NorthWestern provides electricity to customers throughout Montana, including Denton and the surrounding area through its electrical infrastructure, which includes overhead wires, transformers, switches, splices, equipment, service connections and poles.

9. Electrical infrastructure is inherently dangerous and hazardous, and Defendant NorthWestern knows this. The transmission and distribution of electricity demands that NorthWestern exercise an increased level of care in line with the increased risk of dangers created by electrical infrastructure.

10. At all times relevant, Defendant NorthWestern had and continued to have a non-transferable duty to properly construct, inspect, repair, maintain, and operate its electrical infrastructure in a manner that prevents failure even in extreme weather conditions and at times of sustained drought.

11. Plaintiff's improved real property was destroyed in the fire. Namely Plaintiff lost infrastructure, trees, vegetation, shelter belts, and landscaping as well as significant erosion and destruction of improved wildlife habitat.

12. Plaintiff has personal reasons for restoring the improved real property. Plaintiff A. Clifford ("Cliff") Edwards grew up in the Denton area. Plaintiff's property, referred to as the Edwards Shelterbelt, is located East of the town of Denton and consists of 234 acres. Larry Schweitzer, a distinguished pilot and real estate developer, owned the property in the mid-1980s. He established a plan with the vision to create shelterbelt habitat for the ring-necked pheasant. Mr. Schweitzer's extensive knowledge and expertise resulted in the design plan for planting thousands of trees. The groundwork for completing the goal of a bird friendly environment included weed eradication, rototilling the soil, laying fabric, and planting the many varieties of trees consisting of Colorado blue spruce, Rocky Mountain junipers, buffalo berry bushes, chokecherry trees, Russian Olive trees, and Caragana shrubs. In the early 1990s, Cliff Edwards purchased the property. Along with Larry Schweitzer and his son, the Edwards' family continued to

manage and meticulously maintain the property for the next 20 years. Their efforts resulted in a mature shelterbelt that provided a prime habitat for pheasants, sharp-tail grouse, Hungarian partridges, and other animal species. The trees provided an essential resource for winter cover and nesting habitat. Multiple generations of the Edwards' family along with their friends regularly hunt the Edwards Shelterbelt. The West Wind Fire swept through the property on December 1st, 2021, destroying a considerable amount of the shelterbelt resulting in the loss of this animal sanctuary including trees, plants, grasses, wildlife, and upland game birds. Consequently, hunting in the Edwards Shelterbelt has been greatly curtailed.

## COUNT I – Negligence

13.     Plaintiff incorporates paragraphs 1-12 as if fully set forth herein.

14.     NorthWestern owed multiple duties of ordinary care to the owners and lessees of real property in Fergus County in maintaining its electrical infrastructure in such a way to ensure its safe operation, including by adequately designing, constructing, monitoring, maintaining, operating, repairing, replacing, and/or improving its power lines, poles, transformers, splices, conductors, insulators, reclosers, and/or other electrical equipment. This duty included inspecting and managing its power lines and/or other electrical equipment given the foreseeable risk of fire if charged power lines came in to contact with flammable materials such as dry vegetation.

15. NorthWestern knew or should have known that high winds were common in this area and that the temperatures had long been unseasonably warm and drought conditions were at an all-time high, creating an increased risk for fires.

16. NorthWestern had a duty to utilize best industry practices and products to prevent transmission lines from coming in contact with flammable materials.

17. NorthWestern breached its duties by allowing its transmission lines to contact dry vegetation which led to the West Wind fire that destroyed Plaintiff's property.

18. Even though NorthWestern knew that its infrastructure was vulnerable to weather and environmental conditions, it breached its above-referenced duties by failing to properly inspect, maintain, and update its transmission infrastructure and further failed to take preventative measures, especially in the face of known high-risk weather conditions such as drought and high winds.

19. NorthWestern's breach directly and proximately caused harm and damage to Plaintiff's improved real property impacting Plaintiff's financial interest and opportunity, interfering with the Plaintiff's right to quiet and peaceful enjoyment of property and further caused emotional distress.

20. Under § 50-63-104, M.C.A., due to Defendant NorthWestern's negligence or its otherwise unintentional acts or omissions, Plaintiff is entitled to

recover all damages allowed by Montana law including the actual and tangible restoration costs associated with restoring its damaged property to an undamaged state.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court enter judgment against Defendant NorthWestern sufficient to fully compensate for all general and compensatory damages, restoration costs, and losses allowed under Montana law in an amount to be determined by the jury at the trial of this cause, for attorney fees and costs of suit, and for such other and further relief as the Court may deem appropriate.

Dated this 25th day of August, 2025.

EDWARDS & CULVER

By: /s/ Triel D. Culver
Triel D. Culver
*Counsel for Plaintiff*